# EXHIBIT 2

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.4)
### Eastern Division

Skechers U.S.A., Inc. II

                                          Plaintiff,

v.
                                          Case No.:
                                          1:24–cv–07333

                                          Honorable Franklin U. Valderrama

The Partnerships and Unincorporated Associations
d/b/a The Domain Names Identified on Schedule A,
et al.

                                          Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, December 10, 2025:

      MINUTE entry before the Honorable Franklin U. Valderrama: This is a Schedule A trademark infringement case. On September 4, 2024, the Court entered a preliminary injunction, which included an asset restraint on Defendant's account. On November 5, 2025, Defendant filed a motion to amend the asset restraint of $62,752.69 [134], which is before the Court. Defendant argues that only one unit of the accused product was sold, totaling $45.97, and that as a result, the Court reduce the asset restraint from $62,752.69 to $45.97. In support, Defendant submits evidence of a single sale of the allegedly infringing product, totaling $45.97 in revenue. See R. 134, Ex. A. Plaintiff opposes Defendant's motion, arguing that Defendant has failed to submit sufficient evidence to demonstrate that its profit is less than the currently frozen assets. Plaintiff asks the Court to either stay the motion pending discovery or, in the alternative, deny the motion. In considering the motion, the Court must balance equities in considering whether an asset freeze continues to be warranted. See Johnson & Johnson v. Advanced Inventory Management, Inc., 2020 WL 8260381, at *2 (N.D. Ill. July 20, 2020). At this posture, the burden is on "the party seeking relief" –here, Defendant—"to present documentary proof that particular assets [are] not the proceeds of counterfeiting activities." Monster Energy Company v. Wensheng, 136 F.Supp.3d 897, 910 (N.D. Ill. 2015). In the face of unambiguous or unpersuasive evidence, courts in this jurisdiction routinely decline to modify asset restraints. See Johnson & Johnson, 2020 WL 8260381, at *3 (collecting cases). Considering the evidence presented and weighing the equities warranting the asset restraint, the Court agrees with Plaintiff that Defendant fails to submit sufficient evidence demonstrating that the asset freeze of $62,752.69 is unwarranted. Namely, Defendant submits the record of a single sale of the allegedly infringing product. But as Plaintiff points out, this evidence fails to account for any "transaction-level proof demonstrating that the universe of counterfeiting profits is less than what is currently frozen." R. 136 at 8. Indeed, the single screenshot provided by Defendant does not establish that the sale contained therein is the only sale of an allegedly infringing product. Defendant responds that it "provided to Plaintiff" sufficient evidence demonstrating that the total profit defendant received totals $45.97. R. 139 at 2-3.

However, providing documentation to Plaintiff does not equate to providing it as evidence before the Court. Nor shall the Court consider evidence submitted for the first time in Defendant's reply brief. See, e.g. Thompson v. AT&T Services, Inc., 2018 WL 4567714, at *6 (Sep. 24, 2018) (citing Bernardo v. J.D. Nicholas & Assocs., Inc., 2014 WL 4913423, at *3 (N.D. Ilk Sept. 30, 2014)). Therefore, because Defendant has not carried its evidentiary burden as to the modification of the asset restraint, the Court denies its motion without prejudice [134]. Defendant may refile its motion after the close of discovery. Plaintiff's motions to stay [136], to strike Defendant's reply [140], and for leave to file a sur-reply [141] are terminated as moot. The Court grants Plaintiff's motion for leave to file under seal [138]. Mailed notice. (jcm)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.