**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MAKIKO KIMURA,

        Plaintiff,

vs.

The Partnerships and Unincorporated
Associations Identified on Schedule A,

        Defendants.

**Civil Action No.: 1:26-cv-03337**

**DEFENDANT DREAMTRUE SHOP'S REPLY IN SUPPORT OF EXPEDITED**
**MOTION TO MODIFY THE ASSET RESTRAINT**

Defendant Huixinda (Foshan) E-commerce Co., Ltd d/b/a DreamTrue Shop

("Defendant"), by and through undersigned counsel, respectfully submits this Reply in support of

its Expedited Motion to Modify the Asset Restraint (Dkt. 37).

**Argument**

**I.**    **Plaintiff's Interpretation of Section 504(b) Contradicts Controlling Authority**

Plaintiff's opposition rests on a fundamental misunderstanding of 17 U.S.C. § 504(b).

Plaintiff repeatedly argues that Defendant must account for the entirety of its Amazon account,

including approximately $487,516.22 in account balances and transactions, and that Defendant

cannot obtain relief unless it disproves infringement as to every product sold through the

account. That is not the law.

1

Section 504(b) provides that "the copyright owner is required to present proof only of the infringer's gross revenue," after which the burden shifts to the defendant to prove deductible expenses and profits attributable to factors other than the copyrighted work. 17 U.S.C. § 504(b). However, the Seventh Circuit has long recognized that the phrase "gross revenue" does not mean all revenues generated by a defendant's business.

In *Taylor v. Meirick*, 712 F.2d 1112 (7th Cir. 1983), Judge Posner rejected a copyright plaintiff's attempt to rely upon revenues derived from the defendant's overall business operations. The defendant had sold allegedly infringing maps, but the plaintiff attempted to rely upon revenues generated from all of the defendant's sales activities. The Seventh Circuit held: "It was not enough to show [the defendant's] gross revenues from the sale of everything he sold." *Id.* at 1122. The court explained that a plaintiff makes out a prima facie case by showing gross revenues from the sale of the infringing products, not gross revenues from unrelated business activities. *Id.* ("If General Motors were to steal your copyright and put it in a sales brochure, you could not just put a copy of General Motors' corporate income tax return in the record and rest your case for an award of infringer's profits.")

Other courts have applied the same principle. In *Davis v. The Gap, Inc.*, 246 F.3d 152 (2d Cir. 2001), the plaintiff attempted to rely on corporate-wide revenues to establish profits attributable to an allegedly infringing advertisement. The Second Circuit rejected that approach, relying expressly on *Taylor*. The court held that the plaintiff failed to satisfy § 504(b) because the claimed revenues included sales bearing no relationship to the allegedly infringing work, including revenues from numerous unrelated products and business lines. *Id.* at 160-61. Likewise, the Ninth Circuit has held that a copyright plaintiff bears the initial burden of establishing a causal connection between the infringement and the revenues sought, explaining

2

that "the plaintiff has the burden to demonstrate a nexus between the infringement and the indirect profits before apportionment can occur." *Mackie v. Rieser*, 296 F.3d 909, 915 (9th Cir. 2002). The Eighth Circuit similarly requires a connection between the infringement and the claimed revenue stream before the burden shifts under § 504(b). *Andreas v. Volkswagen of Am., Inc.*, 336 F.3d 789, 796 (8th Cir. 2003).

That is precisely the problem with Plaintiff's argument here. Plaintiff has identified only a single product family consisting of five size variants of the same holiday-themed shirt. Plaintiff has not identified any additional allegedly infringing products. Plaintiff has not shown that Defendant's deferred transactions, account balances, or sales of unrelated products bear any relationship to the alleged infringement. Most importantly, Plaintiff does not dispute Defendant's evidence showing that the accused products generated only $441.33 in total revenue.

Instead, Plaintiff seeks to invert § 504(b) by treating Defendant's entire Amazon account as the relevant revenue universe and demanding that Defendant disprove infringement as to every other product sold through the account. *Taylor* forecloses that approach. Plaintiff bears the initial burden to identify revenues reasonably related to the alleged infringement. Defendant operates a large Amazon storefront containing thousands of listings across numerous product categories. It is impractical for Defendant to prove that every other product sold through its storefront is non-infringing, nor is that the law.

## II.     Plaintiff's Request for Additional Discovery Is Unwarranted and Serves Only to Prolong an Overbroad Restraint

Unable to identify revenues reasonably related to the alleged infringement, Plaintiff asks this Court to "take targeted discovery to test Defendant's evidence and uncover the full scope of

its infringing sales." Dkt. 42 at 3. The request should be denied.

Plaintiff has already obtained the benefit of expedited discovery from Amazon. Through that process, Plaintiff gained access to Defendant's storefront information and sales-related records. For unknown reasons, Plaintiff conveniently did not disclose the sales records obtained from Amazon. Despite having received expedited discovery, Plaintiff still identifies only a single accused product family consisting of five size variants of the same holiday-themed shirt. Plaintiff's inability to identify additional allegedly infringing products after obtaining expedited discovery is not a basis to continue restraining Defendant's business indefinitely.

Defendant, by contrast, has undertaken substantial efforts to investigate the allegations using the information available to it and to verify the status of every accused ASIN identified by Plaintiff. Upon receiving Plaintiff's infringement evidence, Defendant reviewed the accused ASIN identified by Plaintiff, identified all related size variants associated with the accused product, and extracted the corresponding sales records directly from Amazon Seller Central. Dkt. 37-2.

Plaintiff's request for additional discovery is particularly troubling because Plaintiff is fully aware that time is of the essence for Defendant's business. Rather than identify the revenues it contends are connected to the alleged infringement, Plaintiff seeks additional rounds of discovery that would further delay resolution of the restraint issue while Defendant's business continues to suffer. The practical effect of Plaintiff's request is to prolong the restraint and increase settlement pressure. The Court should not permit Plaintiff to use additional discovery as a vehicle to prolong an otherwise unjustified restraint.

**Conclusion**

In summary, Plaintiff has failed to identify gross revenues reasonably related to the alleged infringement as required by 17 U.S.C. § 504(b). Instead, Plaintiff seeks to maintain a restraint over Defendant's entire Amazon business based on speculation and requests additional discovery despite having already obtained expedited discovery from Amazon.

Accordingly, Defendant respectfully requests that the Court grant Defendant's Expedited Motion to Modify the Asset Restraint, reduce the restraint to $441.33—the total revenue associated with the accused products as reflected in Defendant's Amazon Seller Central records—or, alternatively, to such amount as the Court deems reasonably related to the accused products.

Date: June 10, 2026

Respectfully submitted
By: */s/ Shaoyi Che*
Shaoyi Che
TX# 24139843
YoungZeal LLP
9355 John W. Elliott Dr, Ste 25555
Frisco, TX 75033
Telephone: (717) 440-3382
che@yzlaw.com

**CERTIFICATE OF SERVICE**

I, Shaoyi Che, hereby certify that on June 10, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all participating counsel of record.

/s/ Shaoyi Che
Shaoyi Che